UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| STEVEN LAYNE, ) <br> ) <br> *Plaintiff,* ) <br> ) <br> v. ) <br> ) <br> OCWEN LOAN SERVICING, LLC, ) <br> ) <br> *Defendant.* ) <br>_____) <br> ) <br> OCWEN LOAN SERVICING, LLC, ) <br> ) <br> *Third-Party Plaintiff,* ) <br> ) <br> v. ) <br> ) <br> SHERI L. LAYNE, ) <br> ) <br> *Third-Party Defendant.* ) <br>_____) <br> ) <br> OCWEN LOAN SERVICING, LLC, ) <br> ) <br> *Counter-Plaintiff,* ) <br> ) <br> v. ) <br> ) <br> STEVEN LAYNE, ) <br> ) <br> *Counter-Defendant.* ) | Case No. 4:21-cv-44 <br><br> Judge Curtis L. Collier <br> Magistrate Judge Susan K. Lee |

# **M E M O R A N D U M**

Before the Court is motion for summary judgment by Defendant and Counter-Plaintiff, Ocwen Loan Servicing, LLC ("Ocwen").[1] (Doc. 42.) Plaintiff, Steven Layne ("Plaintiff") filed

---

[1] The motion was originally filed on behalf of Defendant, Ocwen, and Mackie, Wolf, Zientz & Mann, P.C, and Jerry Bridenbaugh as Trustee. However, the Court dismissed Mackie, Wolf, & Mann, P.C, and Jerry Bridenbaugh as Trustee from the litigation upon motion of the

an untimely response without permission from the Court to do so. (Doc. 54.) Accordingly, this Court ordered that Plaintiff's response would not be considered in resolving Defendant's motion. (Doc. 55.) For the reasons set out below, Defendant's motion for summary judgment will be **GRANTED**. Additionally, Defendant's counterclaim for a judicial foreclosure will be **REMANDED** to the Chancery Court for Coffee County, Tennessee.

I.      BACKGROUND

On September 14, 2021, Plaintiff filed his "Complaint for Damages and to Set Aside Foreclosure" ("Complaint") against Defendant in the Chancery Court for Coffee County, Tennessee. (Doc. 1-1 at 1.) Plaintiff asserted claims for wrongful foreclosure, violation of the Fair Debt Practices Act ("FDCPA"), violation of the Tennessee Consumer Protection Act ("TCPA"), breach of contract, fraud, fraudulent inducement, violation of the Fair Credit Reporting Act ("FCRA"), and violation of the implied covenant of good faith and fair dealing. (Doc 1-1; Doc. 43.)

Plaintiff's claims stem from a promissory note ("Note") and deed of trust ("Deed of Trust") executed on July 18, 2007, and made payable to Homecomings Financial. (Doc. 43 at 3.) The executed documents secured a loan on real property located at 1444 Henry Cove Road in Hillsboro, Tennessee (" the Subject Property"). (*Id.*) After executing the Deed of Trust, the parties recorded it in "Book T729, Page 979 in the Registers Office for Coffee County, Tennessee." (*Id.*)

Defendant's motion alleges Plaintiff defaulted on both the Note and Deed of Trust. (*Id.*) Defendant also alleges that Plaintiff was not approved for a loan modification and was provided a demand letter notifying him of his default status. (*Id.*)

---

parties (Doc. 58). Therefore, the remainder of this Memorandum will only address summary judgment as to Defendant, Ocwen.

Defendant moved for Summary Judgment and a judicial foreclosure on July 17, 2023. (Doc. 42.) Plaintiff's deadline to respond was August 7, 2023. (Doc. 47.) Plaintiff moved for an extension of time to file his response on August 7, 2023. (Doc. 50.) This Court denied Plaintiff's motion on August 11, 2023. (Doc. 53.) Nevertheless, Plaintiff responded on August 18, 2023. (Doc. 54.) This Court ordered that Plaintiff's untimely response not be considered in resolving Defendant's motion. (Doc. 55.) Defendant's motion is now ripe for review.

## II. STANDARD OF REVIEW

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the burden of demonstrating no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). In resolving a motion for summary judgment the Court may consider "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any . . . ." *Celotex Corp.*, 477 U.S. at 323. "When reviewing a motion for summary judgment, the court must view the evidence and draw all reasonable inferences therefrom in the light most favorable to the non-moving party." *Little v. BP Exploration & Oil Co.*, 265 F.3d 357, 361 (6th Cir. 2001). If the moving party meets its burden, the burden shifts to the non-moving party to produce "more than a mere scintilla of evidence to survive summary judgment." *Id.* This requires the non-moving party to "go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial." *Chao v. Hall Holding Co., Inc.*, 285 F. 3d 415, 424 (6th Cir. 2002). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matushita Elec. Indus. Co. v. Zenith Radio*, 478 U.S. 574, 587 (1986).

3

However, a court "cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at minimum, to examine the movant's motion for summary judgment to ensure that he has discharged [his initial] burden." *Stough v. Maryville Cmty. Schs.*, 138 F.3d 612, 614 (6th Cir. 1998) (alteration in original). Under the Federal Rules of Civil Procedure, the moving party "always bears the burden of demonstrating the absence of a genuine issue as to a material fact." *Id.* The moving party continues to bear this initial burden even if the adverse party fails to respond. *Id.*

### III. DISCUSSION

As outlined above, Plaintiff's complaint asserts causes of action for: wrongful foreclosure, violation of the FDCPA, violation of the TCPA, breach of contract, fraud, fraudulent inducement, violations of the FCRA, and violation of the implied covenant of good faith and fair dealing. (Doc 1-1.) Defendant argues all of Plaintiff's claims should be dismissed. Additionally, Defendant argues this Court should grant its claim for judicial foreclosure.

#### A. Res Judicata

Defendant argues "most damaging to Plaintiff's case is the Order issued by this very Court in a previous case over the same exact fact pattern." (Doc. 43 at 11.)

Under the doctrine of res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). The elements of res judicata are:

(1) a final decision on the merits by a court of competent jurisdiction;
(2) a subsequent action between the same parties or their "privies";
(3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and
(4) an identity of the causes of action.

*Id.* (quoting *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997)). The party asserting res judicata—here, Defendant—bears the burden of proof. *Browning v. Levy*, 283 F.3d 761, 772 (6th Cir. 2002).

Defendant argues that all four elements of res judicata are met as to all of Plaintiff's claims. (Doc. 43 at 12.) To support its argument, Defendant cites a previous Memorandum and Judgment Order issued by this Court. (Doc. 43 at 13; *Steven R. Layne v. Ocwen Loan Servicing, LLC*, No. 4:17-CV-4, ECF No. 33 (E.D. Tenn. Mar. 28, 2018)). There, this Court granted Defendant summary judgment on Plaintiff's claims for violations of the TCPA, fraud, misrepresentation, negligence, and a violation of the Real Estate Settlement Procedures Act. (*Id.*)

Each of the elements of res judicata are satisfied as to Plaintiff's claims for violation of the TCPA, fraud, and misrepresentation. The elements of res judicata are also met as to Plaintiff's claim for fraudulent inducement even though that cause of action was not directly named in the previous litigation. First, the judgment in the previous case was a final decision on the merits by a court of competent jurisdiction. Second, Plaintiff and Defendant were both parties to that action. Third, the factual and legal issues set out in this case are substantially identical to those litigated in the previous case. There, Plaintiff's claims stemmed from a loan he and his wife obtained from Homecomings, Financial, LLC in 2007. That loan, and the documents used to execute it, are the same documents at the heart of this litigation. Fourth, Plaintiff has asserted the same causes of action in this case. Though Plaintiff did not assert a claim for fraudulent inducement in the previous case, his claims for fraud and misrepresentation contain the same arguments that he has raised there, and the claim for fraudulent inducement is also barred.

However, the previous litigation did not include claims for wrongful foreclosure, violation of the FDCPA, breach of contract, or violations of the FCRA. Defendant's motion argues these

5

claims should also be barred by res judicata because "they all stem from the same fact pattern." (Doc. 43 at 12.) Plaintiff's claims do all stem from the Note and Deed of Trust and likely could have been litigated in the previous action. However, Defendant's argument that Plaintiff simply fabricated new reasons to sue again does not satisfy its burden to show that the claims should have been litigated in the previous case. (*See id.*) Accordingly, the Court will decline to find Plaintiff's remaining claims barred by res judicata.

Defendant's motion for summary judgment based on res judicata will be **GRANTED** as to Plaintiff's claims for violations of the TCPA, fraud, and fraudulent inducement. This leaves Plaintiff's claims for wrongful foreclosure, violation of the FDCPA, breach of contract, and violations of the FCRA to be addressed in the remainder of this Memorandum.

### B. Wrongful Foreclosure

Defendant also argues Plaintiff's claim for wrongful foreclosure should be dismissed because "no foreclosure has taken place." (Doc. 43 at 4–5.) To support its argument, Defendant cites a Temporary Restraining Order ("TRO") issued in the Chancery Court for Coffee County, Tennessee which enjoined Defendant from "executing, serving, and otherwise acting upon a foreclosure proceeding related to [the Subject Property]." (Doc. 1-1 at 17).

Tennessee law does not provide formal elements for wrongful foreclosure proceedings. However, courts have required a "legally held, conducted, and consummated" foreclosure sale that contains "some evidence of irregularity, misconduct, fraud, or unfairness on the part of the trustee or the mortagee that caused or contributed to an inadequate price" before a Plaintiff can prevail for wrongful foreclosure. *CitiMortage v. Drake*, 410 S.W.3d 797, 802 (Tenn. Ct. App. 2013); *see also Harris v. LNV. Corp.*, No. 3-12-0552, 2014 WL 3015293 at *11 (M.D. Tenn. July 2, 2014).

6

By citing this TRO, Defendant has presented proof that no foreclosure occurred. Plaintiff has not gone beyond the pleadings to show that a genuine issue exists as to this material fact. Accordingly, Defendant has met its burden to establish that no genuine issue of material fact exists as to whether a foreclosure occurred. Because Defendant has met its burden, Defendant's motion for summary judgment as to Plaintiff's claim for wrongful foreclosure will be **GRANTED.**

C.     **Violation of the FDCPA**

Defendant next argues summary judgment is proper as to Plaintiff's claims for violation of the FDCPA. (Doc. 43 at 5–6.)

To establish a prima facie violation of the FDCPA, a plaintiff must show "that the money or property subject to collection qualifies as a "debt" under § 1692(a)(5); that the person carrying out collection qualifies a "debt collector" under § 1692(a)(6); and that the debt collection violated a provision of the FDCPA." *Reed v. Select Portfolio Servicing, Inc.*, No. 1:16-CV-310, 2017 WL 663139 at *3 (E.D. Tenn. Feb. 16, 2017). Defendant states "Plaintiff's claim fails because Defendants are not debt collectors." (Doc. 43 at 6.)

The FDCPA was enacted, in part, to "eliminate abusive debt collection practices by debt collectors . . . ." *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003). It defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692(a)(6). However, even a party who would otherwise be subject to the FDCPA's reach may still be exempted through an exception for

> any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (ii) concerns a debt which was originated by such person . . . [or] (iii) concerns a debt which was not in default at the time it was obtained by such person.

7

*Montgomery*, 346 F.3d at 698; 15 U.S.C. § 1692(a)(6)(F)(ii), (iii). Defendant does not directly address why it does not meet the general definition of a debt collector under 15 U.S.C. § 1692(a)(6). Instead, Defendant's argument relies upon the exceptions found in 15 U.S.C. § 1692(a)(6)(F)(ii), (iii). In *Montgomery*, the Court of Appeals for the Sixth Circuit reasoned, "[a] bank that is 'a creditor is not a debt collector for the purposes of the FDCPA and creditors are not subject to the FDCPA when collecting their accounts." *Montgomery*, 346 F.3d at 699. A creditor is "any person . . . to whom a debt is owed . . . ." *Id.*; 15 U.S.C. § 1692(a)(4). At the time relevant to this proceeding, Defendant was the legal owner of the Note encumbering the Subject Property. Plaintiff owed a debt to Defendant—thus making Defendant a creditor within the meaning of the FDCPA. Even if Defendant did institute foreclosure proceedings, it was "collecting or attempting to collect on a debt that was owed, due, or asserted to be owed or due" when it did so. *Id.* Accordingly, Defendant, as a creditor, is not a debt collector under the FDCPA.[2]

Defendant's motion for summary judgment as to Plaintiff's claim for violations of the FDCPA will be **GRANTED**.

### D. Breach of Contract

---

[2] According to the Sixth Circuit:

> The distinction between a creditor and a debt collector lies precisely in the language of § 1692(a)(6)(F)(iii). For an entity that did not originate the debt in question but acquired it and attempts to collect on it, that entity is *either* a creditor or a debt collector depending on the default status of the debt at the time it was acquired.

*Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 359 (6th Cir. 2012) (emphasis added). Defendant was assigned the Note and Deed of Trust regarding the Subject Property in 2013. (Doc. 2-1 at 29.) However, Defendant did not send Plaintiff a "Notice of Default" until 2016. (Doc. 2-1 at 34.) The letter does include a statement that it is from a "debt collector," but Defendant does not meet the statutory definition. Accordingly, there does not appear to be any evidence Plaintiff was in default at the time Defendant acquired the debt.

Defendant argues summary judgment is proper as to Plaintiff's claim for breach of contract. Defendant states, "Plaintiff clearly and freely admits his own breach of the Note by being in default, but fails to put forth any evidence of Defendants' breach of the original contract based on the terms of the Note and Deed of [T]rust." (Doc. 43 at 8.)[3]

"In order to make a prima facie case for a breach of contract claim, a plaintiff must allege "(1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract." *Tolliver v. Tellico Village Prop. Owners Ass'n, Inc.*, 579 S.W.3d 8, 25 (Tenn. Ct. App. 2019).

As it relates to the potential breach, Plaintiff's complaint alleges "Defendant's actions in misapplying payments and charging fees to the loan account constitute a breach of contract of the Deed of Trust and the Note . . . ." (Doc. 1-1 at 8.)

As stated above, Defendant, as the movant, bears the burden of showing there is no genuine dispute of material fact as to whether Defendant breached the contract. At the summary judgment stage, the Court is to construe the evidence in the light most favorable to the nonmovant, here Plaintiff. Defendant's argument appears to be that summary judgment is proper because Plaintiff has not presented evidence that Defendant breached the contract. Specifically, Defendant's argument is that Plaintiff "fails to put forth any evidence of Defendants' breach of the original contract based on the terms of the Note and Deed of Trust." (Doc. 43 at 8.)

---

[3] Defendant also addresses two more arguments allegedly brought forth by Plaintiff. First, Defendant argues "[Plaintiff's] arguments that the modification discussions create a new cause of action are barred by the Statute of Frauds and Tennessee case law on contract." (Doc. 43 at 8.) Finally, Defendant argues "an agreement to consider a borrower for modification does not create an enforceable contract." (Doc. 43 at 8.) Neither of these arguments are listed in the portion of Plaintiff's complaint alleging breach of contract. (Doc. 101 at ¶¶ 36–41.) Accordingly, the Court will not address these arguments here.

9

Defendant's argument relates to element two of Tennessee contract law. This is a situation where Defendant is arguing it has met its burden by demonstrating Plaintiff has not been, and will not be able to meet his burden because he cannot prove element two, nonperformance on behalf of Defendant. In *Celotex Corp. v. Catrett*, the Supreme Court held:

> [T]he plain language of 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex*, 477 U.S. at 322–23. Defendant has shown that Plaintiff has not presented evidence of this essential element of Plaintiff's claim. Plaintiff's complaint is the only docketed "pleading, deposition, answer to interrogatories, [or] admission on file" that references the alleged breach of contract. Plaintiff has not presented any evidence that Defendant breached the contract between the parties. Accordingly, Defendant has met its burden of showing no genuine issue of material fact exists by showing Plaintiff cannot meet an essential element of his claim.

Defendant's motion for summary judgment as to Plaintiff's claim for breach of contract will be **GRANTED**.

### E. Violation of the Fair Credit Reporting Act

Defendant also argues summary judgment is proper as to Plaintiff's claim for violation of the FCRA. (Doc. 43 at 10.) Defendant asserts Plaintiff's claim must fail because the FCRA does not provide him with a private right of action. (*Id.*) To support its assertion, Defendant cites to *Pickle v. Branch Banking and Trust*, a case from the Middle District of Tennessee, where the court determined Plaintiff's FCRA claim was barred. (*Id.*; *see also Pickle v. Branch Banking and Tr.*,

No. 3:16-CV-01202 (M.D. Tenn. Aug. 27, 2018). Because *Pickle* is a case from another United States District Court, it is not binding upon this Court.

Under the Fair Credit Reporting Act, enforcement is generally delegated to the Federal Trade Commission along with other governmental agencies. 15. U.S.C. § 1681s(a)(1). However, the Court of Appeals for the Sixth Circuit has held that the FCRA does not completely preclude private enforcement. *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615 (6th Cir. 2012) ("We conclude that consumers may rely on §§ 1681n and 1681*o* to enforce some, but not all, subsections of § 1681s–2.").

In *Boggio v. USAA Fed. Sav. Bank*, the Sixth Circuit reasoned that the FCRA provides for private enforcement of an alleged violation of the five statutory duties which are:

1. To "conduct an investigation with respect to the disputed information."
2. To "review all relevant information provided by the [consumer reporting agencies] [CRA] pursuant to [§] 1681i(a)(2)."
3. To "report the results of [its] investigation to the [CRA]."
4. "If the investigation finds that the information is incomplete or inaccurate . . . [to] report those results to all other [CRAs] to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis."
5. To "modify," "delete," or "permanently block reporting of" information that it finds upon investigation to be "inaccurate or incomplete," or that "cannot be verified after any reinvestigation."

*Id.* at 615–618. In situations where a furnisher violates one of these duties, a plaintiff may be entitled to actual damages, statutory damages, punitive damages, cost, and reasonable attorney fees. (*Id.* at 618.)

Accordingly, Defendant's assertion that the FCRA limits enforcement of 15 U.S.C. § 1681s-2(a) to governmental officials is too broad. However, Defendant is correct that "some remedies of the FCRA are inapplicable in a case seeking to prevent a mortgage company from

11

Case 4:21-cv-00044-CLC-SKL   Document 59   Filed 11/02/23   Page 11 of 14
PageID #: 495

foreclosing." (Doc. 43 at 10.) To sustain a private cause of action under the FCRA, Plaintiff must present evidence that Defendant violated one of the five statutory duties listed above.

Taking the evidence in the light most favorable to Plaintiff, Defendant has met its burden to warrant summary judgment on Plaintiff's claim for violation of the FCRA. Because Plaintiff has presented no evidence of a violation of any statutory duty listed above, Defendant is entitled to judgment as a matter of law on this issue.

Defendant's motion for summary judgment will be **GRANTED** as to Plaintiff's claim for violation of the Fair Credit Reporting Act.

### E. Covenant of Good Faith and Fair Dealing

Finally, Defendant argues summary judgment is proper as to Plaintiff's claim for breach of the implied covenant of good faith and fair dealing. To support its argument, Defendant states, "Plaintiff fails to state a claim in this regard, because a violation of the covenant of good faith and fair dealing is simply an element of a breach of contract claim." (Doc. 43 at 10.)

Tennessee courts have held that "good faith or the lack of it may be an element or circumstance of recognized torts, or breaches of contract, but it does not appear that good faith, or the lack of it is, standing alone, an actionable tort." *Solomon v. First Amer. Nat'l Bank of Nashville*, 774 S.W.2d 935, 945 (Tenn. Ct. App. 1989); *see also Antle v. Nationwide*, No. 1:22-cv-000138-DCLC-CHS, 2023 WL 6193995 at *3 (E.D. Tenn. Jan. 9, 2023). Accordingly, Plaintiff cannot state a free-standing claim for breach of the implied covenant of good faith and fair dealing.

Because Defendant has satisfied its burden of showing it is entitled to judgment as a matter of law as to this issue, Defendant's motion for summary judgment will be **GRANTED** as to Plaintiff's claim for breach of the implied covenant of good faith and fair dealing.

### F. Defendant's Counterclaim for Judicial Foreclosure

12

Defendant, as Counter-Plaintiff, further requests this Court grant it an Order authorizing a judicial foreclosure. (Doc. 43 at 13–14.) Defendant argues, "after the events of the first lawsuit, Defendants attempted to complete a non-judicial foreclosure, and Plaintiff filed another lawsuit. Without a court order for judicial foreclosure, even if the present case is dismissed with prejudice, the Plaintiff will no doubt simply file another lawsuit predicated upon the same claims . . . ." (*Id.* at 14.)

Tennessee Courts have stated, "[t]he legislature has determined that the public policy of the state is to allow foreclosure through non-judicial sale. . . . In fact, '[t]he almost exclusive means of foreclosure in the State of Tennessee has been nonjudicial . . . ." *Threadgill v. Wells Fargo Bank, N.A.*, No. E2016-02339-COA-R3-CV, 2017 WL 3268957 at *2 (Tenn. Ct. App. Aug. 1, 2017). However, judicial foreclosures are still authorized under Tennessee law. *Dickerson v. Regions Bank*, No. M2012-01415-COA-R3-CV, 2014 WL 1118076 at *8 (Tenn. Ct. App. Mar. 19, 2014); Tenn. Code Ann. § 21-1-803. "A lienor is authorized to file a complaint in chancery court and have the property subject to the lien sold in satisfaction of the indebtedness the lien secures." *Dickerson*, 2014 WL 118076 at * 8.

Because the judicial foreclosure process should take place in the chancery court, Defendant's counterclaim will be **REMANDED** to the court in which it originated, the Chancery Court for Coffee County, Tennessee.

IV. <u>CONCLUSION</u>

For the reasons discussed above, the Court concludes Plaintiff has not carried his burden with respect to his claims. The Court will **GRANT** Defendant's motion for summary judgment as to Plaintiff's claims for wrongful foreclosure, violation of the FDCPA, violation of the TCPA, breach of contract, fraudulent inducement, violation of the FCRA, and breach of the implied

13

covenant of good faith and fair dealing.  Defendant's counterclaim for a judicial foreclosure will be **REMANDED** to the Chancery Court for Coffee County, Tennessee.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**